UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHNATHON SILVA,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF LOS GATOS, et al.,<br><br>        Defendants. | Case No.   5:21-cv-02639-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Plaintiff Johnathon Silva ("Silva") is a former peace officer for Defendant City of Los Gatos ("the City"). Silva initiated this suit against the City and others after the City terminated his employment. He asserts a single claim under 42 U.S.C. § 1983 for violation of his substantive due process rights under the Fourteenth Amendment. Defendants the City and Chief of Police Peter Decena ("Decena") move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 12. Plaintiff filed an opposition to the motion (Dkt. No. 15), and Defendants filed a reply (Dkt. No. 16). The motion was heard on December 2, 2021. For the reasons stated below, Defendants' motion to dismiss is GRANTED.

I.  **BACKGROUND**[1]

In September of 2018, the City[2] hired Silva as a peace officer for the Los Gatos-Monte Sereno Police Department. Compl. ¶ 7. Prior to his employment with the City, Silva was employed as a career peace officer for San Jose State University Police Department ("SJSU PD").

---

[1] The Background is a summary of the allegations in the Complaint.

[2] During the hearing, Defendants indicated that Los Gatos is a town, not a city. However, because the Complaint alleges Los Gatos is a city, this Order refers to Los Gatos as "the City."

Case No.: 5:21-cv-02639-EJD
ORDER GRANTING MOTION TO DISMISS

1

Before leaving the SJSU PD, Silva was subjected to an Internal Affairs ("IA") investigation for an alleged use of force incident for which he was ultimately exonerated. *Id*. The City assured Silva that the investigation and outcome would not be an impediment to his employment. *Id*. After receiving the City's assurance, Silva left his permanent, vested SJSU position and accepted the position with the City. *Id*.

Silva began employment with the City on a probationary basis. *Id*. ¶ 12. In approximately February 2019, he received an evaluation indicating that he met all job performance standards. *Id*. ¶¶ 8, 12. Subsequently, a video of Silva's alleged use of force was released to the public. *Id*. ¶ 14. Members of the public then questioned the City's hiring of Plaintiff. *Id*. ¶ 9. "Some public pressure and vocal opposition ensued against the City." *Id*. On or about July 11, 2018, the City and Decena told Silva he was being terminated. *Id*. The decision to terminate Silva was "based solely on certain members of the community being upset and some public pressure." *Id*. He was not terminated for his work performance, work productivity or skill set. *Id*. Silva alleges that he was terminated for reasons that are arbitrary, capricious, and have no reasonable or rational support. *Id*. Silva also alleges that "if [he] can lawfully be terminated on such a basis, he in effect, would never be able to secure employment in any way." *Id*.[3]

## II.  STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Fed. R. Civ. P. 12(b)(6); *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

---

[3] During the hearing, Defendants characterized the alleged termination as a release from probation.

1    When reviewing the complaint, the court must accept as true all "well pleaded factual
2    allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief."
3    *Iqbal*, 556 U.S. at 679.  The court must also construe the alleged facts in the light most favorable
4    to the plaintiff.  *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945
5    (9th Cir. 2014).  Dismissal "is proper only where there is no cognizable legal theory or an absence
6    of sufficient facts alleged to support a cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729,
7    732 (9th Cir. 2001).

**III.    DISCUSSION**

Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"  *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).  To plead a cognizable substantive due process claim, a plaintiff must, as a threshold matter, allege facts demonstrating a deprivation of "life, liberty or property."  *Id*.  Although the Ninth Circuit has not recognized a substantive due process right to a particular public employment position, it has recognized a general substantive due process claim of occupational liberty.  *Engquist v. Or. Dept. of Agric.*, 478 F.3d 985, 997 (9th Cir. 2007).  "[A] plaintiff can make out a substantive due process claim if [he] is unable to pursue an occupation and this inability is caused by government actions that were arbitrary and lacking a rational basis."  *Id*. at 997.  Occupational liberty claims under the substantive due process clause are limited, however, "to extreme cases, such as a government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure."  *Id*. at 997-98 (citation and internal quotation omitted).

In *Engquist*, the plaintiff brought suit alleging several claims, including a substantive due process claim, after she was terminated by the Oregon Department of Agriculture and was unsuccessful in securing new full-time employment despite submitting approximately 200 job applications.  *Id*. at 991.  The Ninth Circuit determined that plaintiff's evidence presented at trial

Case No.: 5:21-cv-02639-EJD
ORDER GRANTING MOTION TO DISMISS
3

was insufficient to show that the plaintiff had been deprived of her right to pursue a profession. In evaluating the sufficiency of the evidence, the Ninth Circuit applied the standard set forth by the Seventh Circuit in *Bordelon v. Chi. Sch. Reform Bd.*, 233 F.3d 524 (7th Cir. 2000): "a plaintiff must show that the 'character and circumstances of a public employer's stigmatizing conduct or statements are such as to have destroyed an employee's freedom to take advantage of other employment opportunities.'" *Engquist*, 478 F.3d at 998 (quoting *Bordelon*, 233 F.3d at 531).

Here, Silva alleges that Defendants terminated his employment in response to public pressure. This allegation, without more, is insufficient to state a cognizable substantive due process claim. "It is not enough that the employer's conduct had some adverse effect on the employee's job prospects; instead, the employee must show that the stigmatizing actions make it virtually impossible for the employee to find new employment in his chosen field." *Id*. (quoting *Bordelon*, 233 F.3d at 531). Silva does not allege that Defendants took any stigmatizing action, much less action akin to "blacklisting" him from working as a police officer. Nor does he allege that Defendants' conduct makes it virtually impossible for him to find new employment. Instead, Silva alleges only that "[i]f [he] can lawfully be terminated on such a basis, he in effect, would never be able to secure employment in any way." Compl. ¶ 9. There are no factual allegations from which to reasonably infer Defendants' actions "destroyed" his freedom to take advantage of other employment opportunities.

Silva relies on *Sagana v. Tenorio*, 384 F.3d 731 (9th Cir. 2004), but that case is factually distinguishable. Moreover, the Ninth Circuit rejected the due process claim. In *Sagana*, a nonresident worker sued the Secretary of Department of Labor of the Commonwealth of the Northern Mariana Islands ("CNMI"), alleging that the CNMI's Nonresident Workers Act ("NWA") restricted his right to freely market his labor. *Id*. The *Sagana* court recognized a generalized due process right to choose one's field of employment, but also noted that this generalized right is subject to reasonable government regulation. *Id*. at 743. The *Sagana* court held that the plaintiff's claim failed, reasoning that there were "legitimate reasons" for enacting the NWA and that the CNMI "violate[d] no constitutional principles by conditioning an alien's

Case No.: 5:21-cv-02639-EJD
ORDER GRANTING MOTION TO DISMISS
4

entry on his or her willingness to enter into limited labor contract." *Id*. at 735.  Unlike *Sagana*, the instant action challenges a termination, not legislation.  As such, Silva's claim is far more analogous to the plaintiff's claim in *Engquist*.

During the hearing, Silva argued that *Engquist* does not control and that his claim is cognizable under the reasoning of *Bateson v. Geisse*, 857 F.2d 1300 (9th Cir. 1988).  Silva's reliance on *Bateson* is misplaced.  In *Bateson*, the plaintiff's substantive due process claim was predicated on an alleged deprivation of property, not a deprivation of liberty.  The Ninth Circuit found a substantive due process violation when a landowner was arbitrarily denied a building permit for political reasons.  *Id*. at 1303.  Unlike in *Bateson*, Silva does not allege a deprivation of property.  Therefore, *Bateson* is inapplicable.

## IV.   CONCLUSION

For the reasons discussed above, Silva's claim fails to satisfy the standard articulated in *Engquist*.  The Complaint fails to allege sufficient facts to state a cognizable substantive due process claim.[4]  Defendants' motion to dismiss is accordingly GRANTED.  The dismissal is without leave to amend because allowing for further amendment would be futile.  *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment.").

**IT IS SO ORDERED.**

Dated:  December 9, 2021

EDWARD J. DAVILA
United States District Judge

---

[4] Because Silva has not stated a cognizable claim, it is unnecessary to consider Defendants' assertions that there is no basis for municipality liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)) and that Decena is entitled to qualified immunity.

Case No.:   5:21-cv-02639-EJD
ORDER GRANTING MOTION TO DISMISS
5